[No. 1808]

## P. H. WOLF, RESPONDENT, *v.* COUNTY OF HUMBOLDT, APPELLANT.

1. STATUTES—SPECIAL LAWS—PROCEDURE IN CRIMINAL CASES.

Article IV, section 20, of the constitution prohibits the legislature from passing local or special laws "regulating the jurisdiction and duties of the justices of the peace and constables, and for the punishment of crimes and misdemeanors, * * * regulating county and township business." * * * Section 21 provides that "in all cases enumerated in the preceding section and in all other cases where a general law can be made applicable all laws shall be general and of uniform operation throughout the state." Section 25 provides that "the legislature shall establish a system of county and township government which shall be uniform throughout the state." The act of the legislature approved March 13, 1903 (Stats. 1903, p. 98, c. 71), provides that the commissioners of Humboldt County could provide that persons charged with or convicted of a misdemeanor in the western townships of said county, may be imprisoned in the branch county jail of said county, instead of the county jail. *Held*, that such act was unconstitutional, as being a special act upon a subject that could be covered by a general act.

APPEAL from the District Court of the Second Judicial District of the State of Nevada, Humboldt County; *W. H. A. Pike*, Judge.

Action by P. H. Wolf against the County of Humboldt. Judgment for plaintiff, and defendant appeals. **Affirmed**.

The facts sufficiently appear in the opinion.

*E. A. Ducker*, District Attorney, and *C. Robins*, for Appellant.

*H. Warren* and *L. G. Wilson*, for Respondent.

By the Court, NORCROSS, C. J.:

This action is brought to recover $1,607.35 for services rendered the defendant by plaintiff, in his capacity of constable of Lake Township in Humboldt County, in and about arresting certain persons in said township, and taking and transporting certain prisoners, who had been tried and convicted in the justice's court of said township, from Lovelock, in said township and county, to the county jail, at Winnemucca, in said county. Such services were rendered from and including June 1, 1906, to and including January 30, 1907. From a

judgment in favor of the plaintiff, respondent herein, for the full amount sued for, the defendant appeals.

The appeal presents the sole question whether the justice of the peace of Lake Township had jurisdiction to commit to the county jail at Winnemucca a prisoner convicted of a misdemeanor in his court, instead of committing him to the branch county jail at Lovelock, in the absence of a finding that the public safety or the safety of such prisoner required commitment to the county jail at Winnemucca. The question presented is based upon the provisions of an act of the legislature which reads: "An act to authorize the board of county commissioners of Humboldt County to provide for the imprisonment of certain prisoners in the branch county jail at the Town of Lovelock in said county, approved March 13, 1903. Section 1. The board of county commissioners of Humboldt County are hereby authorized, by an order to be entered in their minutes, to provide that persons charged with or convicted of a misdemeanor in the western townships of said Humboldt County may be imprisoned in the branch county jail of said county, at the Town of Lovelock in said county, instead of the county jail at Winnemucca; *provided*, that nothing in said order shall prohibit any judge or justice of the peace before whom such conviction may be had, from ordering any such prisoner to be imprisoned in the county jail at Winnemucca where the public safety or the safety of such prisoner may require it." (Stats. 1903, 98.) We think the statute relied upon by the appellant is clearly in violation of the constitution and void. Sections 20, 21, and 25 of article 4 of the constitution provide:

"Sec. 20. The legislature shall not pass local or special laws in any of the following enumerated cases—that is to say: regulating the jurisdiction and duties of the justices of the peace and of constables; for the punishment of crimes and misdemeanors; regulating the practice of courts of justice; * * * regulating county and township business. * * *

"Sec. 21. In all cases enumerated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general and of uniform operation throughout the state.

"Sec. 25. The legislature shall establish a system of county and township government, which shall be uniform throughout the state."

That a general act can be passed covering the subject-matter of the special act above quoted and relied on by counsel for appellant is not only clearly manifest, but the fact is that the legislature of 1907 did pass such a general act. (Stats. 1907, 301.)

The judgment appealed from is affirmed.